MARY'S OPINION HEADING 






                            NO. 12-05-00182-CV

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DEBBIE E. TAYLOR,                                       §                 APPEAL FROM THE 321ST
APPELLANT 
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF 

MICHAEL P. DENNIS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
______________________________________________________________________________                                                     MEMORANDUM OPINION
PER CURIAM

            This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). The trial court’s judgment was signed on January 31, 2005. In a civil case, the
notice of appeal must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. 
When an appellant files a motion to modify the judgment, her notice of appeal must be filed within
ninety days of the date the judgment is signed. See Tex. R. App. P. 26.1(a)(2). Because Appellant
filed a motion to modify the judgment, her notice of appeal was due to have been filed on or before
May 2, 2005. However, Appellant did not file her notice of appeal until June 6, 2005. 
            On June 16, 2005, this Court notified Appellant pursuant to Texas Rule of Appellate
Procedure 42.3(a) that her notice of appeal was untimely, and it informed her that unless the
information received in this appeal was amended on or before June 27, 2005 to establish the
jurisdiction of this Court, the appeal would be dismissed. In response to the notice, Appellant first
urges that we consider her affidavit of indigency filed in the trial court as a notice of appeal. We
have examined the affidavit and have determined that it does not meet the requirements of rule of
appellate procedure 25.1, which prescribes the requirements of a notice of appeal. Appellant further
maintains that we have jurisdiction of this appeal pursuant to rule of appellate procedure 30
pertaining to restricted appeals. However, a restricted appeal is available only to a party who did not
participate, either in person or through counsel, in the hearing that resulted in the complained-of
judgment. The information received in this appeal does not indicate any lack of participation by
Appellant. Accordingly, because this Court is not authorized to extend the time for perfecting an
appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is
dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)